## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      *

       v.                     *            Case No.-21-CR-506 (TNM)

ANDREW ERICSON,          *

        Defendant        *

   *      *      *      *      *      *      *      *      *      *      *

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

The Defendant, Andrew Ericson, through his counsel, Kira Anne West, hereby files this response to the government's memorandum.

The government argues many facts that are either assumed or just plain false. There is no evidence that Mr. Ericson "cheered outside and inside the Capitol." *See* Gov't sent. memo @ p.2. They make this accusation without delineating a time on the videos and or what allegedly Mr. Ericson said. The government also incorrectly describes Mr. Ericson's cooperation with law enforcement when he was arrested. *Id.* at p. 6. Mr. Ericson actually led federal agents through his grandmother's house helping them locate evidence that was noted in the warrant. Mr. Ericson was told by the FBI agents that the search warrant covered biometric entry for any and all electronics in the home. Thus, when agents asked him to unlock his laptop with his fingerprint, he complied. Mr. Ericson's phone was not programmed to be opened biometrically. Therefore, the ONLY thing he did not share with agents that day was the code to his phone, yet in a post plea interview with the FBI, he said he would follow up if they wanted the code to his phone. Undersigned counsel never received a request from the government for this information or it would have been shared. The government also states that "each person that entered the Capitol on January 6 without authorization did so under the

most extreme circumstances." *Id.* at p. 9. Again, this is simply not true. First, Mr. Ericson entered the Capitol without any trouble at all. By the time he got to the Capitol, barricades had already been removed and some of those by the Capitol Police. Second, when he went through the door and into the Capitol, there were police officers nearby and no one told him he could not enter and no one told him until the last minute he was there to leave, and then he did so promptly.

The defense disagrees with the government that "the absence of violent or destructive acts on the part of the defendant" is not a mitigating factor. *Id.* It absolutely is and it differentiates Mr. Ericson from others who engaged in violent behavior. It is also really a stretch to say that Mr. Ericson's "criminal acts began" when he merely saw and recorded people scaling walls and "rioters overrun police officers." *Id.* at p. 10. One's mere presence doesn't make one complicit in the crime. That's why there is a "mere presence" jury instruction.

At this juncture, the government has committed two logical fallacies of note that hinder their "argument." The first fallacy being a *fallacy of composition*: assuming that a part (Mr. Ericson) of the whole (the protesters) has all the properties of the whole itself. That is, the government's mistake is thinking that, because Mr. Ericson is a part of a larger crowd (in which other members of the crowd were indeed violent) he also shares in the same properties as everyone else in the crowd (being violent), but he does not. The first fallacy leads nicely to the government's second fallacy of reason: *petitio principii* or begging the question. This second fallacy is a fault in reasoning where one assumes the conclusion he is trying to prove. In this case, the government is assuming their conclusion without producing a valid argument with true premises that leads to that conclusion. Rather, the government is associating Mr. Ericson with other members of a larger whole and thus foregoing any kind of argument that is specific to

Mr. Ericson. There were thousands of people on the mall that day observing what was happening and taking pictures and videos, and they are not currently before this Court as criminal defendants.

The government further and incorrectly argues that with regard to general deterrence, Mr. Ericson must be sentenced to incarceration because the rioters came to the Capitol "to interfere…with…the peaceful transfer of power…*Id.* at p. 13.  But that's not why Mr. Ericson was there. The facts show that he had no plan to interfere with anything or anybody. While he was inside the Capitol, he had no idea where he was, let alone where the Senate was and what was happening there. The government again incorrectly states that Mr. Ericson was "cheering on and celebrating the rioters around him, and that he hasn't really shown that he understands the full consequences of what happened on January 6  because of his "belief that the violence and destruction at the riot was perpetrated ("in part" is what he said) by members of Antifa dressed as supporters of former President Trump…".  *Id.* at p. 14.  First, Mr. Ericson's belief that Antifa may have played a role in the events on January 6th shows how many of the January 6 participants are easily persuaded by the media.  Second, in America, you are not punished for what you believe.  Right or wrong or misinformed, you have the right to believe what you want. Finally, the Government (and hundreds of defense lawyers and their staffs) is still investigating who was there on January 6 and what roles they played. Every day new facts are revealed. Who is to say  with certainty that Antifa was not there or that undercover agents were not present to watch the crowd?

With regard to disparity of sentencing, again, the government stretches the facts. First and foremost, this Court must understand that Mr. Ericson, a 23 year old "adult," has completely cooperated with the government from the start. For the government to say that he "wouldn't" provide the phone code as somehow not cooperative is wrong-the warrant didn't cover it.  Comparing him

with defendant Matthew Mazzocco, 21 CR 54 (TSC) is also a faulty comparison.  First,  it's
important for this Court to know that the government in the Mazzocco case recommended home
detention, not incarceration.  Second, Mr. Mazzocco is 40 years old.  Third, his Facebook content
was such that "he understood and concurred with the disruption of the congressional proceedings."
*See  Government's sentencing memo,* ECF No. 28, p.2. Fourth, Mazzocco wore  a body worn camera
device on January 6 and claimed it was lost.  *Id.* at p. 3, 8.  Fifth, his public postings included "The
capitol is ours" and it "belonged to us." *Id.* at P.7-9.  Mr. Ericson did not engage in any of this
behavior. No discussion needed on Felipe Marquez case, 21-CR 136 (RC) as he pled guilty to a
different statute.

With regard to the 9 elements the government cites on page 9 of their memorandum:

1. Whether, when how the defendant entered the Capitol Building. Through a door.
2. Whether the defendant encouraged violence. No he did not.
3. Whether the defendant encouraged property destruction. Of course not.
4. The defendant's reaction to acts of violence or destruction. He was stunned.
5. Whether during or after the riot, he destroyed evidence. He did not. He was told by the FBI
   agent to shut down his Facebook account because of the threats he'd gotten and his snap chat
   was never shut down.
6. The length of his time inside the building. Between 30-45 minutes.
7. His statements in person or on social media. Negligible
8. Whether he cooperated or ignored commands from LE officials. He did what he was told; and
9. Whether he demonstrated sincere remorse or contrition. He did.

Ericson was not the cause of January 6th riot, nor was he in the classification of protestors
that caused physical harm to the Capitol. By the time he went forward, the outer barricades and
bicycle racks placed by the officers to cordon off the Capitol grounds were dispersed. He met no
police resistance until his final minutes in the Capitol and was asked to leave. He did no inciting or
aggressive commentary, he did not participate in breaching the outer barricades. He did not damage
anything and had no intention of drinking the beer he posed with. Unbeknownst to him, when he

went into the room, others already occupied it.[1] He never assaulted or threatened anyone, especially not law enforcement. Importantly, his regret is genuine. The probation office never asked him if he had regrets, they only asked if he agreed with the statement of facts attached to the plea. That there is no further elaboration in this regard is somehow indicative of lack of contrition is simply, once again, inaccurate.

Considering all the applicable factors the Court will consider, Mr. Ericson respectfully moves this court to impose a sentence of time served.   This sentence  is "sufficient but not greater than necessary" as required by 18 U.S.C. §3553(a).  It would be a sentence in the best tradition of federal judicial discretion, that would consider Mr. Ericson  as an individual and account for his unique failings and positive attributes that, in the words of Justice Kennedy "sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *Rita v. United States*, 551 U.S. at 364, (Stevens, J. concurring), *citing Koon v. United States*, 116 S.Ct. 2053 (1996).

Respectfully submitted,

_____/s/_____
Kira Anne West
712 H Street NE
Unit 509
Washington, D.C. 20001
D.C. Bar No. 993523
 (202) 236-2042
kiraannewest@gmail.com

---

[1] . Keep in mind that Mr. Ericson was a 23 year old college student when this happened. As the Supreme Court stated in *Miller v. Alabama*,  after evaluating scientific studies regarding the development of children's brains, the Court explained the neuroscience is "increasingly clear that adolescent brains are not yet fully mature in regions and systems related to higher-order executive functions such as impulse control, planning ahead, and risk avoidance." *Miller,* 567 U.S.  460, 472 n.5 (2012)(internal quotation marks and citation omitted).  Previously, the Court in *Graham  v.  Florida*, 130 S.Ct. 2011 (2010) stated that  "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds." *Id.* at  2026.

<u>CERTIFICATE OF SERVICE</u>

      I swear that on December 6, 2021 a copy of this notice and letter was filed via  the ECF and rules of this Court.

_____/s/_____
Kira A. West
